STATE BANK OF AMERICA *v.* SKRZYCKI.

BILLS AND NOTES—FRAUD—MISTAKE.

> In suit to reinstate personal note of defendant on ground that acceptance of corporate note given to take up said personal note was accomplished by fraud and mistake, evidence *held,* insufficient to establish either fraud or mistake.

Appeal from Wayne; Bell (Frank A.), J., presiding. Submitted October 30, 1931. (Docket No. 192, Calendar No. 35,901.) Decided January 4, 1932.

Bill by State Bank of America against William T. Skrzycki and Skrzycki Baking Company and Storck Baking Company, Michigan corporations, to reinstate a promissory note given by defendant Skrzycki and canceled by renewal note of defendant Skrzycki Baking Company indorsed by defendant Storck Baking Company. Decree for plaintiff as to defendant corporations. Bill dismissed as to defendant Skrzycki. Plaintiff appeals. Affirmed.

*John A. Hamilton* (*Neill E. Graham,* of counsel), for plaintiff.

*Welsh, Bebout, Hill & Lee,* for defendants Skrzycki and Skrzycki Baking Company.

Wiest, J. July 1, 1929, defendant William T. Skrzycki executed a promissory note to the Storck Baking Company for $5,000. The Storck Baking Company indorsed the note to plaintiff bank. At maturity it was not paid, and, upon Mr. Skrzycki having his attention called to the matter by the bank, he sent to the bank the note of the Skrzycki Baking Company for the sum of $4,750, payable to the Storck Baking Company, and indorsed by the payee, together with $250 as payment on the old note and $50 interest, and received the old note stamped "paid by renewal." When the latter note came due plaintiff claims to have discovered, for the first, that the note of the Skrzycki Baking Company had been substituted in renewal for the note of the defendant Skrzycki, and filed the bill herein to have the first note reinstated, or that the Skrzycki Baking Company and the Storck Baking Company be decreed to owe the last note, alleging fraud and mistake.

The circuit judge found no mistake or fraud. Thereupon counsel for plaintiff asked, and was granted, a decree awarding the plaintiff the sum of $5,094.38, against the Skrzycki Baking Company and the Storck Baking Company, jointly and severally. Plaintiff reviews by appeal.

We note that when plaintiff could not obtain restoration of the liability of defendant William T. Skrzycki it asked for and was granted recovery upon the second and renewal note.

The point of whether such remedy sought and granted, after denial of restoration of the old note, constituted an election to affirm its holding of the last note and a waiver of mistake and fraud thereto-

fore alleged is not presented by counsel, and, therefore, we do not turn the case off on such ground. The first note was given in aid of a corporation in course of formation and with the understanding that, when incorporation of such company was perfected, it could and would take up the note and give the note of the corporation in renewal, and such, we think, was so understood by Mr. Kolowich, president of plaintiff bank. At the time the first and second notes were executed George J. Kolowich was a director and president of plaintiff bank and an officer and principal stockholder of the Storck Baking Company, and knew of the planned organization of the Skrzycki Baking Company, and it is apparent that the first note, indorsed over to his bank, was to enable the accomplishment of the organization of the Skrzycki Baking Company and a sale of the Storck Baking Company assets to such new corporation.

Mr. Kolowich claimed that the renewal note, when first presented to him, was like the first note, except in amount, and signed by Mr. Skrzycki individually, and the theory is advanced that afterward the note was changed by inserting, above Mr. Skrzycki's signature, the name of the corporation and adding, after his name, the title "President." We cannot so find.

The cashier of plaintiff bank was instructed by Mr. Kolowich, president, to accept a new note, and claims that, when the note was presented, he did not examine it, and had no knowledge that it was the note of the corporation rather than the individual note of Mr. Skrzycki. It was understood by the president of the bank that the Skrzycki Baking Company, a corporation, was to be organized to take over the assets of the Storck Baking Company. Such corporation was organized, and, at a meeting of the stock-

holders of the Storck Baking Company, Mr. Kolowich moved that the Storck Baking Company sell all of the assets of the company to William T. Skrzycki or the Skrzycki Baking Company, a corporation to be organized under the laws of the State of Michigan. An offer had been previously made, in behalf of the contemplated corporation, and in the mentioned motion it was further stated that the Storck Baking Company accept the offer of William T. Skrzycki and the Skrzycki Baking Company. This motion was carried by vote of Mr. Kolowich, who represented a great majority of the shares of the stock.

The circuit judge stated:

"I do not find any evidence of mutual mistake, and it appears to me that Mr. Skrzycki was following a consistent course from the beginning, from the time he made the first offer down to the time, after the company was organized, that he presented this note to the bank. * * *

"I think the testimony tends strongly to support the conclusion that Mr. Kolowich knew rather generally that Mr. Skrzycki, at least, was aiming all the while to make this obligation a bakery company obligation instead of a personal one."

At the time the first note was given, the Skrzycki Baking Company was contemplated, but not yet organized, and, in order to secure the assets of the Storck Baking Company for the new corporation, it was a proper thing for Mr. Skrzycki to give his personal obligation. The plaintiff bank, through its president, had knowledge that the first note was given in behalf of the contemplated corporation, and that, when organized, that corporation would assume the obligation, and such result was accomplished by the second note.

Plaintiff failed to establish the alleged fraud and mutual mistake, and we must leave the parties where they have placed themselves.

The decree is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.